Norfolk
BARRY RAYMOND TURNER
v.
COMMONWEALTH OF VIRGINIA
No. 0930-90-1
Decided February 18, 1992

COUNSEL

Mary M. Kellam (Slipow & Robusto, P.C., on brief), for appellant.

Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

WILLIS, J.—Barry Raymond Turner, the appellant, was found guilty by a jury of robbery and malicious wounding. On appeal, he contends that the trial court erred in refusing to permit evidence that the victim had contacted the appellant's family and offered to drop the charges in exchange for a sum of money. We agree and reverse the judgment of the trial court.

The victim, Paul Nolasco, testified that on February 21, 1989, he accepted the appellant's offer of a ride home from a bar. Once outside the bar, Nolasco saw that the appellant had only a motorcycle. Nolasco said that he turned to leave, and as he did so, he was struck on the side of his head with a motorcycle helmet. He said that the appellant told a second man, Huntington, to hit him again, which Huntington did. He said that the appellant took his wallet and the two men left.

▮▮▮▮ Without objection, defense counsel asked Nolasco whether he had spoken with the appellant's sister in regard to dropping the charges. Nolasco answered, "No." The defense sought to impeach Nolasco's testimony through the testimony of the appellant's sister that she was approached by Nolasco, who offered to drop the charges in exchange for $5,000. On objection by the Commonwealth's Attorney, the trial court ruled this testimony inadmissible, citing *Allen v. Commonwealth*, 122 Va. 834, 94 S.E. 783 (1918). This appeal addresses that ruling.

No question respecting any fact irrelevant to the issue can be put to a witness on cross-examination for the mere purpose of impeaching his credit by contradicting him. And if any such question be inadvertently put and answered the answer of the witness will be conclusive . . . he cannot be asked as to any collateral independent fact merely with a view to contradict him afterwards by calling another witness.

* * *

The test as to whether a matter is material or collateral, in the matter of impeachment of a witness, is whether or not the cross-examining party would be entitled to prove it in support of his case.

*Id.* at 842, 94 S.E. at 785-86 (citations omitted).

A fact is wholly collateral to the main issue if the fact cannot be used in evidence for any purpose other than for contradiction. "Evidence of collateral facts, *from which no fair inferences can be drawn tending to throw light upon the particular fact under investigation*, is properly excluded for the reason that such evidence tends to draw the minds of the jury away from the point in issue, to excite prejudice and mislead them." Conversely, if the evidence tends, even slightly, to throw light upon the main fact in issue, it is not collateral, but probative. Every fact, however remote or insignificant, that tends to establish the probability or improbability of a fact in issue, is admissible.

*Seilheimer v. Melville*, 224 Va. 323, 327, 295 S.E.2d 896, 898 (1982) (citations omitted).

The appellant contends that *Allen* does not control, because the proffered testimony went directly to the issue of the appellant's innocence or guilt and was not offered solely to discredit Nolasco. He argues that Nolasco's offer to drop the charges for $5,000 was not a collateral fact, because it suggested a bias based on Nolasco's belief in the weakness of his case. We agree. While it might be argued that a demand for $5,000 reflected a perception of strength rather than weakness, or that Nolasco's opinion was not dispositive of a determination of the true facts, the proffered evidence supported such arguments, and those arguments were material to the case. Nolasco's perception of the incident necessarily influenced his account, giving him a bias which was a proper subject of investigation. It could have been argued also that Nolasco's testimony was contrived or colored for the purpose of making a financial demand or as a vindictive response to the denial of that demand.

■ Trial of the charges against the appellant involved not only the determination of whether the events alleged actually transpired, but also an assessment of the nature and quality of any consequential injury. Nolasco's testimony was central to those determinations. Evidence which suggested bias on his part, or which would have supported an argument of bias, was relevant to the determination of those issues.

> [T]he right of an accused to cross-examine prosecution witnesses to show bias or motivation, when not abused, is absolute.

*Barker v. Commonwealth*, 230 Va. 370, 376, 337 S.E.2d 729, 733-34 (1985). The trial court erred in rejecting the proffered testimony of the appellant's sister.

*Reversed and remanded.*

Baker, J., and Moon, J., concurred.